IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| EARL SIMS, | : | |
| | : | |
| Petitioner | : | |
| | : | CIVIL NO. 5:16-CV-0364-MTT |
| VS. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |

### ORDER OF DISMISSAL

This case is currently before the Court due to Petitioner Earl Sims' repeated failure to comply and/or respond to the orders of the United States Magistrate Judge.  Petitioner, an inmate confined at Macon State Prison in Oglethorpe, Georgia, filed the present action, pursuant to 28 U.S.C. § 2241, and sought leave to proceed without payment of the filing fee.  After a review of Petitioner's financial submissions, the Magistrate Judge denied Petitioner's motion to proceed *in forma pauperis* and ordered that he pay the $5.00 filing fee.  *See* Order, Oct. 4, 2016 (ECF No. 10).  The time allowed for payment of the fee, however, expired without any response from Petitioner.  The Magistrate Judge thus next ordered Petitioner to show cause why his habeas claims should not be dismissed for failure to comply.  *See* Show Cause Order, Jan. 10, 2017 (ECF No. 11).  Petitioner was given fourteen days to respond to the Show Cause Order and advised that failure to respond would result in a dismissal of his petition. *Id*.

The time for responding for the Show Cause Order has now expired, and Petitioner

still has not paid the $5.00 filing fee; nor has he otherwise contacted to the Court to explain why he is unable to do so. The district court has in fact not received anything from Petitioner since July 7, 2016.

It is thus assumed that Petitioner is no longer interested in pursuing this action. For this reason, and because of Petitioner's repeated failure to comply and diligently prosecute his claims, his application for habeas relief may be properly dismissed. *See* Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.") (citing *Lopez v. Aransas Cty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)). The above-captioned action is therefore **DISMISSED WITHOUT PREJUDICE** to Petitioner's right to re-file his claims at a later time.

**SO ORDERED**, this 16th day of February 2017.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT